UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINA LEWIS,

      Plaintiff,

v.                              Case No:   3:17-cv-1258-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

# OPINION AND ORDER

Plaintiff, Christina Lewis, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB on January 27, 2014, alleging a disability onset date of June 30, 2013. (Tr. 157-58). Plaintiff's application was denied initially on May 27, 2014, and upon reconsideration on July 16, 2014. (Tr. 81-83, 85-89). At Plaintiff's request, an administrative hearing was held before Administrative Law Judge Christopher Dillon (the "ALJ") on March 22, 2016. (Tr. 40-58). On November 29, 2016, the ALJ entered a decision finding that Plaintiff was not under a disability from the alleged onset date of June 30, 2013, through the date last insured, June 30, 2016. (Tr. 26-35). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on September 13, 2017. (Tr. 1-7). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on November 9, 2017.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of June 30, 2013, through her date last insured of June 30, 2016. (Tr. 28). At step two, the ALJ found that Plaintiff had the following severe impairments: cerebrovascular attack (CVA) residuals, hypertension, heart disorder, and obesity. (Tr. 28). At step three, the ALJ found that Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 29).

Before proceeding to step four, the ALJ found that Plaintiff, through the date last insured, had the residual functional capacity ("RFC")

> for work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds; pushing or pulling similar amounts; standing, walking, and sitting for six hours each; no climbing of ropes, ladders, or scaffolding; no more than occasional ability to perform all other postural activity; no more than frequent reaching handling, and fingering with the non-dominant left upper extremity; no exposure to hazards, such as dangerous moving machinery and unprotected heights; no operation of a commercial or motor vehicle; no more than occasional exposure to environmental extremes, such as dust, gas, fumes, heat, cold, and humidity; and no more than simple, routine tasks.

(Tr. 29). At step four, the ALJ found that Plaintiff, through the date last insured, was capable of performing her past relevant work as a cashier as such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 33). The ALJ concluded that Plaintiff was not under a disability from June 30, 2013, the alleged onset date, through June 30, 2016, the date last insured. (Tr. 34).

**II.    Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to develop the medical evidence. (Doc. 22 p. 5-7). Plaintiff contends that the ALJ should have ordered a consultative examination to assess Plaintiff's ability to use her left arm and to assess her limitations due to cardiac issues. (Doc. 22 p. 6). Plaintiff notes that she testified that she has weakness of the left side, particularly the left arm, but that the record contains no opinion from a treating source quantifying the extent of the loss of use of her left arm. (Doc. 22 p. 5). Plaintiff contends that the ALJ improperly relied on the opinion of a state agency evaluator, as the evaluator did not have

access to records of Plaintiff's hospitalization. (Doc. 22 p. 5). In response, Defendant argues that the ALJ accounted for Plaintiff's left-sided weakness in his RFC finding which is supported by substantial evidence. (Doc. 23 p. 5-13).

An ALJ has a basic obligation to fully and fairly develop the record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). This obligation rises to the level of a "special duty" only where a claimant has waived his right to representation by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). The Eleventh Circuit has held that "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Harrison v. Comm'r of Soc. Sec.*, 2014 WL 2853764 (11th Cir. June 24, 2014).

In this case, the Court finds that Plaintiff has failed to demonstrate that her due process rights were violated to such a degree to warrant the case remanded for development of the record. As Defendant notes, Plaintiff was represented in the administrative proceeding and, thus, the ALJ did not have any heightened duty to develop the record. *See Brown*, 44 F.3d at 934; *see also Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 872 (11th Cir. 2016) ("Pennington ultimately bore the burden of producing evidence to support his claim of disability; because he was represented by counsel in the administrative proceeding, the ALJ was not subject to the heightened duty to develop the record that applies in proceedings involving unrepresented claimants.") (citations omitted). Further, the ALJ had adequate medical and non-medical evidence to assess Plaintiff's disability claim. (Tr. 29-34). As the ALJ discussed in his decision, the record contained diagnostic tests, clinical findings, treatment notes, a State agency medical consultant's opinion, and Plaintiff's reported activities. (Tr. 30-33, 48-49, 51, 74-75, 209-11, 257, 272, 315,

317, 647, 656, 649, 664, 684-86, 702, 704-05, 708, 716, 742, 753, 761-62, 794, 798, 800-02, 827, 1008, 1198, 1266-68, 1283, 1315, 1457, 1630, 1654-62, 1668).

In addition to the foregoing medical and non-medical evidence, the ALJ confirmed at the hearing that Plaintiff's counsel had no objections to the record, aside from a request for assistance obtaining additional treatment records. (Tr. 20-21, 43). The ALJ asked, "Are you aware of any other related evidence that we should attempt to obtain in this case?" and Plaintiff's counsel responded, "No." (Tr. 44). In sum, the extensive record before the ALJ, which included over 1,500 pages of medical records, and Plaintiff's representations at the administrative hearing rebut her claim the ALJ insufficiently developed the record. (Tr. 38-39).

Furthermore, substantial evidence supports the ALJ's RFC finding. In his decision, the ALJ reviewed Plaintiff's medical record which documented a history of cardiac impairments and treatment including a 2006 stent placement, a 2008 triple bypass, and a 2010 right carotid endarterectomy. (Tr. 30, 257). The ALJ noted, however, that subsequent diagnostic testing, including cardiac testing, was largely unremarkable. (Tr. 31-32, 272, 315, 317, 647, 656, 664, 708, 753, 1008, 1283, 1457). Likewise, the clinical findings were largely benign, aside from some signs of left-sided weakness and diminished sensation, which the ALJ accommodated with limitations in lifting, carrying, standing, walking, sitting, and postural activities. (Tr. 31-32, 656, 659, 704-05, 742, 794, 800-02, 827). At other times, as the ALJ correctly noted, Plaintiff's motor, sensory, and cardiovascular examinations were normal. (Tr. 31-32, 704-05, 800-02, 827). Accordingly, the minimal abnormalities on diagnostic testing and physical examination support the ALJ's RFC finding.

The ALJ also properly cited Plaintiff's improvement with treatment as evidence supporting his RFC finding. For example, as the ALJ noted, in September 2012, after being placed on Plavix

for her cardiac issues, Plaintiff denied any chest pain or shortness of breath. (Tr. 30, 257). After undergoing a carotid endarterectomy in September 2015, Plaintiff reported in a follow-up visit she had no pain or symptoms compared to her preoperative state. (Tr. 31-32, 761-62, 798, 800-02). Although Plaintiff went to the emergency room on numerous occasions for high blood pressure, these visits were tied to her non-compliance with her medications—despite her approval for a medication assistance program—and her symptoms improved with treatment. (Tr. 30-32, 684-86, 702, 704-05, 716, 742, 1198, 1266-68, 1315, 1457, 1630, 1654-62, 1668).

In addition, the State agency medical consultant's opinion further supports the ALJ's RFC finding. (Tr. 33). State agency consultants are experts in the Social Security disability programs and their opinions may be entitled to great weight if they are supported by the evidence in the record. *See* 20 C.F.R. § 404.1527(e). In July 2014, State agency medical consultant Loc Kim Le, M.D., reviewed Plaintiff's claim file and opined she could: lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for six out of eight hours; sit for six out of eight hours; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and never climb ladders, ropes, or scaffolds (Tr. 74-75). The ALJ gave great weight to Dr. Le's opinion because it accounted for limitations related to Plaintiff's impairments and was consistent with the objective evidence, including the documentation of residual left-sided weakness, diminished sensation, and a history of cardiac symptoms and procedures (Tr. 33). *See* 20 C.F.R. § 404.1527(c)(4) (consistency). Although Dr. Le did not have records relating to Plaintiff's hospitalizations that occurred after he offered his opinion, the ALJ reviewed these records and considered them in formulating the RFC finding. The ALJ ultimately found Plaintiff more limited than Dr. Le opined based on the record as a whole, including subsequently submitted evidence. Dr. Le's less-restrictive opinion nonetheless further supports the ALJ's RFC finding. (Tr. 33).

Plaintiff has failed to show that the ALJ erred by failing to develop the record by choosing not to order a consultative examination. Substantial evidence supports the ALJ's decision. Accordingly, the Court affirms the ALJ's decision.

**III. Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties